*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *THOMAS F. McCARTHY,* ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | *Docket No. 05-02-P-H* |
| ) | |
| *INHABITANTS OF THE TOWN OF* ) | |
| *KENNEBUNKPORT, et al.,* ) | |
| ) | |
| *Defendants* ) | |

*MEMORANDUM DECISION ON MOTION TO DISQUALIFY COUNSEL*

The plaintiff, Thomas F. McCarthy, has moved to disqualify the law firm of Drummond, Woodsum & MacMahon from continuing to serve as counsel for the defendants in this matter. Motion to Disqualify Counsel ("Motion") (Docket No. 13). The plaintiff invokes Maine Bar Rule 3.7(i)(4), contending that defendant Brian Shaw was the complaining witness in a state-court matter in which the law firm represented the Town of Kennebunkport as plaintiff and in which the plaintiff in this action was the defendant, and that this past relationship prevents the law firm from serving as counsel to the defendants in this action. Motion at 1-2. He asserts that the cited bar rule "contemplates a non-waivable conflict which requires mandatory disqualification. *Id*. at 2. He cites no other authority in support of his position.

The bar rule cited by the plaintiff is a portion of Maine Bar Rule 3.7 which carries the subheading "Duty of Public Prosecutor." The relevant language from this subpart of the rule provides:

> A public prosecutor or other government lawyer shall not conduct a civil or criminal case against any person relative to a matter in which the lawyer represents or has represented the complaining witness.

1

Maine Bar Rule 3.7(i)(4).[1]

For factual background, the plaintiff states that the law firm serves as town attorney for the Town of Kennebunkport[2] and is counsel of record for the plaintiffs in a Rule 80K enforcement action pending in the Maine Superior Court, York County, against the plaintiff in this action. Motion at 1. He asserts that defendant Shaw is the "prosecution's complaining witness" in that case. *Id.* The defendants add that the facts underlying this case are essentially the same as the facts involved in the town's enforcement action against the plaintiff here. Opposition of Defendants Inhabitants of the Town of Kennebunkport and Brian Shaw, etc. ("Opposition") (Docket No. 15) at 2.

The complaint in this action, which was removed by the defendants from the Maine Superior Court (York County), includes four counts. Complaint (filed with Docket No. 2) at 6-8. Counts I and II, alleging trespass, were dismissed by this court on the motion of the defendants on February 24, 2005. Decision and Order on Defendants' Motion to Dismiss ("Decision") (Docket No. 10). Counts III and IV allege "unlawful interception of oral communication" and a violation of the plaintiff's rights to due process and equal protection under the state and federal constitutions. Complaint ¶¶ 23-28. They cannot reasonably be read to state claims against Shaw in his personal capacity. This court has already ruled that Counts I and II were based on Shaw's performance of his official duties and did not state claims against him in his individual capacity. Decision at 5-6. Counts III and IV incorporate all earlier paragraphs of the complaint by reference, Complaint ¶¶ 23, 25, and do not add any allegations that could possibly change this conclusion with respect to the undismissed counts.

There are no opinions from the Maine Board of Overseers of the Bar or the Law Court interpreting Maine Bar Rule 3.7(i)(4). The present case presents the inverse of the rule as stated; that

---

[1] The Maine Bar Rules are applicable to lawyers practicing in this court. Local Rule 83.3(d).
[2] The parties appear to assume that the law firm is "a prosecutor or other government lawyer" within the meaning of those terms as they are used in Maine Bar Rule 3.7(i)(4).

is, the law firm is representing in this action an individual who is the complaining witness in the earlier action brought by the town. The plaintiff cites an opinion of the Grievance Commission of the Board of Overseers of the Bar construing Maine Bar Rules 3.4(b) and 3.4(c). Motion at 2. In that opinion, the Grievance Commission held that a district attorney could not represent a county sheriff and a county commission in a civil action brought by a prisoner in the county jail against whom the district attorney was prosecuting a criminal case. Grievance Comm'n of Bd. of Bar Overseers, Formal Op. 7 (1980), reprinted in 1 *Maine Manual on Professional Responsibility* (2004) at O-37-O-38. The Grievance commission so held because the district attorney's representation of the county officials was likely to involve him in representing different interests — those of the individual clients in the civil action and those of the public in the criminal case — which could not be separately and independently represented. *Id*. at O-37. No such difficulty appears to be present in the instant case, where the interests of the law firm's clients, while not identical in the two civil actions, are not difficult to represent independently. In the state-court action the town will have to prove that its order for corrective action under the town's land use ordinance was properly issued and enforceable. In this case the town will have to make the same showing in its defense as well as demonstrate that it did not violate 15 M.R.S.A. § 709 *et seq*., which is invoked by Count III of the complaint. Complaint ¶ 24.

"A party seeking discipline in the form of disqualification of counsel bears the burden of proving that such a measure is warranted." *Kuniegel v. Elgin Techs., Inc.*, 196 F.R.D. 4, 5 (D. Me. 2000). The plaintiff has not carried that burden in this instance.

I find persuasive the analysis of the Second Circuit in *Rodick v. City of Schenectady*, 1 F.3d 1241 (2d Cir. 1993). In that case, five police officers who were represented by the same lawyer who represented the city at trial contended that such representation was an improper conflict of interest. *Id.* at 1243. Finding that both the city and the officer defendants argued that the officers were acting at the

3

relevant time in their official capacity, that the lawyers "advanced and argued all possible defenses available to" the officers and that the officers had shown no prejudice, the court rejected the officers' appeal from the denial of their motion for a new trial. *Id*. at 1349-50. In that case, it was the clients who were seeking relief based on an alleged conflict of interest; here, it is the opposing party who seeks relief based on an alleged conflict of interest between defense counsel and one of the defendants. The plaintiff here does not even attempt to show that he has been prejudiced or harmed in any way by the alleged conflict. He simply asserts that Rule 3.7(i)(4) "requires mandatory [sic] attorney disqualification." Motion at 2. I do not read the rule to be so restrictive. In addition, the defendants in this case will not be arguing that Shaw acted outside the scope of his duties as a municipal employee with respect to any of the relevant events and the plaintiff does not suggest that defense counsel has failed to raise a defense available to Shaw. Even to state the immediately preceding concept is to demonstrate the inherent weakness in the plaintiff's attempted use of this rule to disqualify opposing counsel. *See also* Maine Bar Rule 3.4(b)(1) (conflict of interest arises if there is substantial risk that lawyer's representation of one client would be "materially and adversely" affected by lawyer's duties to another).

The plaintiff's motion to disqualify the law firm of defense counsel is **DENIED**.

Dated this 9th day of May, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

4