UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS F. McCARTHY, individually and as trustee of the Valeska Family Trust and the Valeska Realty Trust,<br><br>           Plaintiff<br><br>v.<br><br>THE INHABITANTS OF THE TOWN OF KENNEBUNKPORT, et al.,<br><br>           Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil No. 05-2-P-H<br>)<br>)<br>)<br>)<br>) |

## ORDER

Following a telephone hearing on the record of disputes arising during the deposition of the plaintiff, I ruled on one issue and reserved decision on the issue whether notes made by the plaintiff on February 2, 2004 and on which he relied during the deposition to refresh his memory must be produced to the defendants in accordance with their demand. The parties were ordered to file letter briefs detailing their respective positions and the plaintiff was ordered to submit with his brief the notes in question for the court's *in camera* inspection. Those materials have now been filed. On the basis of my careful review of the notes, a transcript of the deposition colloquy concerning the issue presented and the parties' letter briefs, I now rule as follows.

The plaintiff, by his own statement, referred to the notes in question during his deposition to refresh his memory. Tr. 27. To the extent any or all of the contents of the notes might qualify for protection under the attorney-client privilege or the work-product doctrine (the only bases asserted for withholding them), those protections have been waived by the plaintiff's use of them during his

deposition. *See*, *e.g.*, *Sperling v. City of Kennesaw Police Dep't.*, 202 F.R.D. 325 (N.D. Ga. 2001); Fed. R. Evid. 612; 3 Mueller & Kirkpatrick, *Federal Evidence*, FRE 612 sec 325 at 483 (2d ed. 1994).  Accordingly, the plaintiff shall produce forthwith for inspection and copying by the defendants the notes in question as filed with the court.

*So ordered*.

Dated this 20th day of July, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge