# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| THOMAS F. McCARTHY, | ) |
| | ) |
|     **PLAINTIFF** | ) |
| | ) |
| v. | )    CIVIL NO. 05-02-P-H |
| | ) |
| INHABITANTS OF THE TOWN | ) |
| OF KENNEBUNKPORT, ET AL., | ) |
| | ) |
|     **DEFENDANTS** | ) |

### ORDER AFFIRMING THE RECOMMENDED DECISION
### OF THE MAGISTRATE JUDGE
### AND REMANDING ONE CLAIM TO STATE COURT

In this lawsuit removed from state court, the plaintiff landowner has challenged local code enforcement under federal and state law. Following oral argument on November 18, 2005, and upon *de novo* review of the record and the law, I now **ADOPT** the Recommended Decision of Magistrate Judge Cohen as to those claims addressed in the recommended decision. I also **REMAND** to the Maine state court a claim, unaddressed in the Recommended Decision, requesting declaratory relief concerning the validity of the zoning map in effect at the time of enforcement (2002). Therefore, I **GRANT** the defendants' motion for summary judgment as to all claims except the remanded claim, and **DENY** in full the plaintiff's cross-motion for summary judgment.

**DISCUSSION**

Because I agree with and accept the Recommended Decision on all matters the Magistrate Judge addressed, I merely add the following clarifications in response to the plaintiff's objections.

First, the plaintiff objects that the Magistrate Judge did not issue a declaratory judgment that "the Town of Kennebunkport zoning and shoreland zoning maps were not legally in effect." Pl.'s Objections to Recommended Decision at 1-2 (Docket Item 38).[1]  Arguably, the plaintiff raised this issue in his memorandum of law. There, he characterized the complaint filed in State court (and later removed to federal court) as one seeking in part "a declaration that a local zoning map/ordinance was not legally in effect as and when applied to him . . ." Pl.'s Mem. Opposing Summ. J. at 1 (Docket Item 25). Later in the same pleading the plaintiff referred to "zoning and shoreland zoning maps," not to the ordinances, but then he also referred to an allegedly invalid "predicate comprehensive plan." Id. at 3.  In a later reply memorandum supporting his cross-motion, the plaintiff referred to the invalidity of the "Kennebunkport Shoreland Zoning and Zoning maps," and linked their alleged invalidity to enforcement activities against him. Pl.'s Am. Reply Mem. Support Summ. J. Cross-Motion at 1-3 (Docket Item 34).

When I look to the initial complaint to see if the plaintiff actually requested this type of declaratory relief, I find that Count IV (titled "Declaratory Judgment/Civil Rights") stated:

---

[1] At oral argument, the plaintiff's lawyer requested a free-standing declaration of invalidity under state law; apparently such a declaration may have relevance to an upcoming state court trial in a related lawsuit.

2

> WHEREFORE, the Plaintiffs demand that a declaratory judgment shall be issued forthwith enjoining the Defendants to discontinue their unlawful enforcement and other actions against the Plaintiffs and that they be required to compensate the Plaintiffs for their actual and consequential damages, appropriate punitive damages to deter future conduct of the nature complained of, costs, reasonable attorneys' fees and such other and further relief as the Court may deem just.

Compl. (Docket Item 2). Although the words "declaratory judgment" were used, the requested relief seems injunctive in nature ("enjoining the Defendants"). Even if I construe it to request declaratory relief, the requested declaration was apparently that the defendants' actions and enforcement of the ordinance were unlawful, not the declaration requested now, that a map was "not legally in effect." Under these circumstances, it is not surprising that the Magistrate Judge failed to identify a separate request for declaratory relief that the zoning map was invalid. I still cannot make out the nature of this claim sufficiently to determine whether summary judgment would be proper. At this stage, it is solely a matter of state law; the plaintiff is not seeking a declaration that the map violates any federal constitutional rights. Therefore, I decline to adjudicate the merits of this narrow claim (validity of the zoning map under state law in 2002), and instead remand it to State court, pursuant to 28 U.S.C. § 1441(c) (Supp. 2 2000) ("[T]he district court . . . in its discretion, may remand all matters in which State law predominates.").

Second, the plaintiff objects to the dismissal of Count III, which was based on an alleged unlawful interception of oral communications, in violation of 15 M.R.S.A. §§ 709-11 (West 2003). I have nothing to add to the Magistrate Judge's Recommended Decision.

3

Third, the plaintiff argues that the summary judgment record establishes that he suffered a procedural due process violation unaddressed by the Recommended Decision.  Pl.'s Objections to Recommended Decision at 3.  In a single, numbered, qualification of the defendants' statement of material fact, the plaintiff did set forth factual allegations germane to a violation of procedural due process:

> Qualified. . . . [The appeal hearing] was held without appropriate notice. . . . On January 13, 2003, the Plaintiff appeared on the date and time and at the place for the noticed hearing of his appeal.  The hearing room was closed, locked and in darkness with no one present.  It was subsequently learned through investigation that the Board was conducting the meeting not in the public meeting portion of the North Street fire station as scheduled but in the enclosed rear portion of the building in the fire truck bay.

Pl.'s Opposing Statement Material Facts ¶ 10 (Docket Item 25).  Unfortunately, his memorandum of law opposing the summary judgment motion utterly failed to mention these allegations, or to argue that they might raise a procedural due process claim.  A judge looks first to the arguments briefed and then turns to the statements of material facts to see if they support the arguments.  The judge does not review the statement of material facts to see if it might support some other argument that a party chooses not to brief.  Because the plaintiff did not brief this issue before the Magistrate Judge, it was waived.  See Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998) ("The district court is under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge."); see also Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d

4

985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").

Finally, the plaintiff objects to summary judgment on his claim that the defendants violated his federal and Maine constitutional rights through disparate treatment and selective enforcement. As the Magistrate Judge held, the plaintiff is not a member of a constitutionally protected class. To successfully make out a claim as a "class of one," therefore, the plaintiff must show "that [he] has been intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." Wojcik v. Massachusetts State Lottery Comm'n, 300 F.3d 92, 104 (1st Cir. 2002) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)) (brackets in original). The Magistrate Judge concluded that on the summary judgment record, the plaintiff had failed to offer evidence that he was treated differently than similarly situated persons with respect to the aerial surveillance, illegal entry, and taping claims. Recommended Decision at 12 (Docket Item 37). The plaintiff asserts that the Magistrate Judge "appears to have disregarded entirely paragraph 27 of [Pl.'s Reply Statement of Material Facts (Docket Item 31)]." Pl.'s Objections to Recommended Decision at 4. As this paragraph, in turn, is a responsive denial of the correspondingly numbered paragraph of the defendants' Opposing Statement of Material Fact (Docket Item 30), I discuss both pleadings.

The defendants' Opposing Statement of Material Fact asserted that the only other person who "to the Code Enforcement Officer's knowledge, has

violated the ordinance by cutting vegetation to the extent [the plaintiff] did in this case was also subject to an enforcement action . . . in which the Town sought an award of penalties and a revegetation plan." Defs.' Opposing Statement of Material Fact ¶ 27. They supported this assertion by a record citation to the affidavit of the defendant Shaw, the Code Enforcement Officer. App. B, Shaw Aff. ¶ 6 (Docket Item 30). In response, the plaintiff asserted that "the record establishes that in 2004 and 2005, the Defendant Shaw did not proceed with land use ordinance enforcement as against himself and Kennebunkport Fire Department Lieutenant Thibodeau regarding unlawful removal of vegetation in Parsons Way, Kennebunkport." Pl.'s Reply Statement of Material Facts ¶ 27. He supported this assertion with approximately thirteen pages of the deposition of Nathan Poore, town manager of Kennebunkport. App. A, Poore Dep. at 89-102 (Docket Item 30).

I conclude that the cited portion of Poore's testimony did not properly dispute the defendants' assertions of paragraph 27. In summary, Poore testified that the town hired a contractor to remove invasive vegetation on Parsons Way in Kennebunkport, in a zone that was in some way protected. Poore Dep. at 89, 92. This cutting occurred from late 2004 to early 2005, when the zoning ordinance allowed cutting vegetation to a height of three feet. Id. at 101. For the most part the contractor cut the vegetation to no lower than three feet; however "there were some spotted areas that were less than that . . . [but] just very minor areas like several square feet." Id. at 101-02. The contractor received some form of instruction or guidance in the cutting from Code Enforcement Officer (and defendant) Shaw. Id. at 95-97. After concerns were

voiced about the portions of the cutting that were less than three feet in height, Shaw, as Code Enforcement Officer, investigated and found compliance, and decided not to issue a citation. Id. at 92, 100, 102.  Poore did not know the total square footage cut to less than three feet. Id. at 102.  He also did not know whether a state or local permit was obtained for this cutting, nor whether one was required, and stated his belief that "[i]f there was one required, I'm sure it was obtained." Id. at 93.

Thus, it is unknown if the contractor violated an ordinance.  It is equally unknown whether a permit was obtained, even whether one was required, or whether the land was private.  Poore's testimony does contain references to "minor" cutting under three feet, but the plaintiff has not established that the contractor cut "to the extent" that the plaintiff did here.[2]  Thus, the plaintiff has offered no evidence that other persons similarly situated were not subject to ordinance enforcement.  The defendants are entitled to summary judgment on this claim.

## CONCLUSION

In conclusion, I **ADOPT** in full the Recommended Decision of Magistrate Judge Cohen as to those claims addressed in the Recommended Decision.  I **REMAND** to Maine state court the claim requesting declaratory relief that the zoning map was invalid at the time the events recited in the Complaint took place.  The end result is that I **GRANT** the defendants' motion for summary

---

[2] Moreover, the cutting and alleged non-enforcement about which Poore testified occurred in December 2004 (the same month and year this Complaint was filed) and through 2005, while the events of which the plaintiff complains took place in 2002 and 2003, two years earlier. See Complaint ¶¶ 10-17.

7

judgment as to all claims except that remanded, and **DENY** in full the plaintiff's cross-motion for summary judgment.

**SO ORDERED.**

**DATED THIS 22ND DAY OF NOVEMBER, 2005**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**